ANDREW BITZER v. GEORGE A. WAGAR.

*Bills and notes—Negotiability.*

A promissory note payable to the "order of Marget A. Bitzer (or bearer)" is payable to bearer, and suit can be maintained thereon in the name of any holder.

Error to Oceana. (Dickerman, J.) Submitted on briefs October 28, 1890. Decided November 14, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. E. Ambler,* for appellant.

*Fred J. Russell,* for plaintiff.

LONG, J. This action was brought in the circuit court for Oceana county, upon a promissory note reading as follows:

"$100.00.                    HART, MICH., March 20, 1889.
"Eight months after date I promise to pay to the order of Marget A. Bitzer (or bearer) one hundred dol-

lars, at the Oceana County Savings Bank, value received, with interest at the rate of 6 per cent.

"BERT SPELLMAN.
"G. A. WAGAR."

On the trial the plaintiff had judgment. Defendant brings error. But two questions are raised:

1. That the court erred in not allowing defendant a trial of said cause on the merits, it appearing that an affidavit of merits had been filed and served on the morning of the first day of term.

2. That the court erred in admitting in evidence the note in question, for the reasons—

a—That the note is payable to the order of Marget A. Bitzer, and has never been indorsed or transferred by her to plaintiff, and the title and ownership is still in Marget A. Bitzer, and not in plaintiff.

b—That said note is not competent evidence, for the reason that plaintiff has not shown that he owns or has property in said note.

The record itself is a plain contradiction to the statement of defendant's first proposition. The cause came on for hearing before the court without a jury. The parties and their attorneys were present in court ready for trial. The attorney for the plaintiff requested an inquest taken on the note, the cause having been noticed for inquest under Circuit Court Rule No. 99, and no affidavit of merits having been filed or served on the plaintiff's attorney prior to the first day of term. Defendant made a showing to the court that he had served an affidavit of merits on the plaintiff's attorney the morning of the first day of term, and requested an order allowing a trial on the merits. The record then states the further proceedings thereon, as follows:

"The court thereupon declined to make any order in said cause at that time, but reserved decision until said cause should be finally tried. And thereupon, upon the 22d day of April, at the opening of the court, the

attorney for the plaintiff asked the court to take said cause up and try the same, and the defendant's attorney then requested the court to give the defendant the right to defend said cause on the merits, and requested the court not to take the cause up until two o'clock in the afternoon of said day, and stated that he would be ready for trial at that time. Thereupon the said court informed the attorneys for the respective parties that he would not allow the plaintiff to proceed with said cause at that time, but that he would set said cause for trial at two o'clock P. M. of that day, said cause then being on call, at which time he would try said cause. The attorneys for the respective parties in open court stated that they expected to have their witnesses in attendance at that time."

It is further made to appear that at that hour the parties appeared, and the trial proceeded. The plaintiff introduced the note in evidence, swore a witness as to the computation of interest thereon, and rested his case. The record then states:

"The defendant's attorney offered no evidence, stating that he had expected some witnesses, but that they had not arrived, and that he had nothing further to offer."

No other interpretation can be given this language found in the record than that the court granted the motion of defendant's counsel, and permitted him if he had any defense to the note upon the merits to offer it on the trial, and that he declined to make any. He did not ask a continuance of the cause, but announced himself ready for trial, and, after the plaintiff rested, stated that he had nothing further to offer. This objection, stated upon such a record as now produced, shows great carelessness upon the part of counsel bringing the case into this Court, or an utter disregard of the facts contained in the record.

The other objection is equally frivolous. The note is

plainly payable to bearer, and suit could be maintained thereon in the name of any holder.

The judgment must be affirmed, with costs.

The other Justices concurred.